**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CHARLES CARROLL,

Plaintiff,

v. No. 1:22-cv-00924

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

LM General Insurance Company (LM-GIC), incorrectly named as "Liberty Mutual Insurance Company", by and through its attorneys, Riley | Keller | Alderete | Gonzales (Courtenay L. Keller and Taryn M. Kaselonis), submits its Answer to Plaintiff's *Complaint* filed on 10/28/22 (Complaint) as follows:

**RESPONSE TO ALLEGATIONS**

This Defendant responds to the allegations in the Complaint as follows:

1. In response to paragraph 1, upon information and belief, this Defendant admits the address listed for its named insured on the policies at issue in this case is located in Bernalillo County, New Mexico, but has insufficient information upon which to form a belief as to the truth of the remaining allegations, therefore, it is otherwise denied.

2. In response to paragraph 2, this Defendant admits it is a non-resident insurance company authorized by the New Mexico Superintendent of Insurance to transact business in New Mexico. This paragraph is otherwise denied.

3. In response to paragraph 3, this Defendant admits it issued two personal auto policies (Nos. AOS-291-57308740 9 9 and AOS-291-570843-40 9 9) to its named insured (The Policies). This Defendant states the Policies speak for themselves and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

4. This Defendant admits it acted through the personnel assigned to handle Plaintiff's claim. Otherwise, the assertions in paragraph 4 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

5. This Defendant admits the accident that forms the basis of this lawsuit occurred in Bernalillo County but has insufficient information upon which to form a belief as to the truth of the remaining allegations in paragraph 5 and it is denied.

6. In response to paragraph 6, This Defendant admits venue is proper in the United States District Court for the District of New Mexico.

7. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant

has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 7 and it is denied.

8. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 8 and it is denied.

9. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 9 and it is denied.

10. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 10 and it is denied.

11. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 11 and it is denied.

12. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant

has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 12 and it is denied.

13. In response to paragraph 13, this Defendant admits it issued two personal auto policies (Nos. AOS-291-57308740 9 9 and AOS-291-570843-40 9 9) to its named insured (The Policies). This Defendant states the Policies speak for themselves and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

14. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiffs' claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 14 and it is denied.

15. In response to paragraph 15, this Defendant admits that Plaintiff is entitled to payment of uninsured motorist benefits for damages caused by the subject accident that he is legally entitled to recover from the at-fault driver, which is a disputed fact issue.

16. This Defendant denies the allegations in paragraph 16 and 16.a-d.

17. This Defendant denies the allegations in paragraph 17.

18. This Defendant denies the allegations in paragraph 18.

19. The assertions in paragraph 19 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may

affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

20. The assertions in paragraph 20 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

21. This Defendant denies the allegations in paragraph 21 and 21.a-d.

22. This Defendant denies the allegations in paragraph 22.

23. This Defendant denies the allegations in paragraph 23.

24. This Defendant denies the allegations in paragraph 24.

25. The assertions in paragraph 25 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at

this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

26. This Defendant denies the allegations in paragraph 26 and 26.a-d.

27. This Defendant denies the allegations in paragraph 27.

28. This Defendant denies the allegations in paragraph 28.

29. This Defendant denies the allegations in paragraph 29.

30. The assertions in paragraph 30 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

31. This Defendant denies the allegations in paragraph 31 and 31.a-e.

32. This Defendant denies the allegations in paragraph 32.

33. This Defendant denies the allegations in paragraph 33.

## AFFIRMATIVE AND OTHER ANTICIPATED DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative fault.

3. Plaintiff's claims are barred, in whole or in part, insofar as the claimed injuries and damages were not caused by the auto accident that is the subject of the Complaint.

4. Plaintiff's claims are barred, in whole or in part, to the extent the claimed injuries and damages are the result of pre-existing conditions and/or subsequent injury.

5. Plaintiff's claims may be barred or reduced to the extent he fails or has failed to mitigate his damages.

6. Plaintiff's claim for policy benefits may be subject to reduction or offset for amounts paid under all available bodily injury liability insurance coverage applicable at the time of the auto accident that is the subject of the Complaint.

7. Plaintiff's claims for extra-contractual damages are barred because this Defendant has fully performed and continues to perform its obligations under the subject policy.

8. Plaintiff's claims for extra-contractual damages are barred because this Defendant has and continues to act in good faith and deal fairly with its policyholder.

9. Plaintiff's claims for extra-contractual damages are barred because this Defendant acted reasonably under the circumstances in this case.

10. Plaintiff's claims for extra-contractual damages are barred because this Defendant's reasons for not paying amount of policy benefits demanded by Plaintiff are reasonable under the terms of the subject policy and are neither frivolous nor unfounded.

11. Plaintiff's claims for policy benefits and extra-contractual damages are barred because a genuine dispute exists between the parties regarding the extent of Plaintiff's damages caused by the accident and the amount of policy benefits owed.

12. Plaintiff's claims for policy benefits and extra-contractual damages are barred, in whole or in part, because payment of policy benefits in this case depends on issues of fact that are "fairly debatable," and because New Mexico law has expressly recognized that an uninsured/underinsured motorist insurer assumes an adversary role in defending and evaluating uninsured/underinsured motorist claims, therefore, this Defendant is entitled under New Mexico law to due process and to debate those issues.

~~13.~~ Plaintiff's claims for policy benefits and extra-contractual damages are barred because this Defendant owes no duty to pay claims it reasonably believes to be without merit or over-valued.

14. Plaintiff's claims are barred insofar as this Defendant breached no duty owed to Plaintiff.

15. Plaintiff's claims are barred in whole or in part to the extent Plaintiff suffered no injuries or damages caused by this Defendant's alleged acts or omissions.

16. Plaintiff's claims extra-contractual damages are barred because this Defendant has complied with and fully performed all statutory and common law duties owed to Plaintiff under New Mexico law.

17. Plaintiff's claims for policy benefits and extra-contractual damages are barred insofar as Plaintiff has failed to comply with Plaintiff's obligations under the terms and conditions of the applicable policy.

18. Plaintiff's claims for policy benefits and extra-contractual damages are barred insofar as Plaintiff has failed to meet one or more conditions precedent under the subject policy.

19. Plaintiff's claims for policy benefits and extra-contractual damages may be barred by the terms, conditions, definitions, and/or exclusions included in the applicable policy.

20. Plaintiff's claims are barred insofar as s/he seeks damages, costs, expenses, attorneys' fees, and interest under theories that are contrary to New Mexico law.

21. Plaintiff's claims are barred or should be reduced insofar as they do not comport with applicable provisions of the New Mexico Insurance Code.

22. Plaintiff may be liable to this Defendant under NMSA 1978, Section 59A-16-30 (A) if it is shown that Plaintiff knowingly brought a groundless action.

23. Plaintiff's claims for punitive damages are barred by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by the New Mexico

Constitution insofar as those provisions prohibit the improper taking of property, cruel and unusual punishment, and denial of due process and equal protection of the laws.

24. Plaintiff's claims may be barred under the doctrines of waiver and estoppel, accord and satisfaction, and unclean hands.

25. Plaintiff's claims may be barred by the applicable statute of limitations and the doctrine of laches.

26. Plaintiff's damages may be barred or reduced to the extent Plaintiff fails or has failed to mitigate its damages.

27. Plaintiff's claims may be barred insofar as they are not yet ripe as a matter of New Mexico law.

28. Any claim seeking to impose joint and several liability may be barred by New Mexico law.

29. One or more of the Plaintiff's claims may be barred for lack of standing.

## JURY DEMAND

Defendants hereby demand a 12-person jury.

Any allegation in the Complaint to which a sufficient response has not been made is hereby denied.

This Defendant does not know which, if any, additional affirmative defenses may apply. This Defendant has not knowingly or intentionally waived any affirmative defenses.

This Defendant reserves the right to amend its Answer, to assert crossclaims and/or counterclaims, and to adopt and assert any additional defense of which it may learn through discovery.

This Defendant has not knowingly or intentionally waived any applicable defense or claim in this matter and reserves the right to amend and/or supplement its pleading and/or its defenses as discovery proceeds and insofar as independent investigation, legal research, and analysis by counsel for this Defendant reveals additional facts, adds meaning to known facts, leads to entirely new factual conclusions and legal contentions.

WHEREFORE, Defendant LM General Insurance Company, having responded to Plaintiff's Complaint in full, respectfully requests that the Court enter an order of dismissal with prejudice, award its costs and fees, and grant such other and further relief as may be just and proper.

Respectfully submitted:

**RILEY | KELLER | ALDERETE | GONZALES**

By: *_/s/ Courtenay L. Keller (electronically filed)_*

**COURTENAY L. KELLER**
**TARYN M. KASELONIS**
3880 Osuna Road NE
Albuquerque, NM 87109
(505) 883-5030
ckeller@rileynmlaw.com
tkaselonis@rileynmlaw.com
*Attorneys for Liberty Mutual*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 2nd day of December, 2022, the foregoing was electronically filed through the CM/ECF filing system, causing counsel of record to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the same day to the following:

Mark P. Dinelli
The Dinelli Law Firm, LLC
503 Slate Avenue NW
Albuquerque, NM 87102
mark@dinellilaw.com

*/s/ Courtenay L. Keller*
**COURTENAY L. KELLER**